The opinion of the court was delivered by
Spencer, J.
This suit is brought to recover of defendant the sum of $1971 46, the amount of parish school tax of 1873, collected by him *1098 as State and Parish Collector of St. Martin parish during the year 1874 and 1875.
The defendant does not dispute the collection, but claims to have paid over the amount to the parish treasurer of said parish, from whom he received a quietus. Defendant further claims that the parish of St. Martin is bound to warrant and indemnify him against plaintiff’s demands, and he prays that the parish be cited, and for judgment in warranty, etc. The parish answers by a general denial, and by averment that if the parish treasurer received said school collections, he had no authority so to do, and the parish is not bound by his acts, done outside the scope of his official duties. There was judgment for defendant, and plaintiff appeals. The facts which are material appear to be as follows:
Baker, the treasurer of the school board, had left the parish, and refused to receive the school funds so collected by defendant, who, thereupon, by advice of the district attorney, paid the amount of the school tax into the hands of Amy, the parish treasurer, in common with, and as other parish taxes, and took his receipt for the gross sum paid. It is shown to our satisfaction that the school tax was included in this payment to the parish treasurer. It is also shown that the police jury in open session on the fifth July, 1875, carefully examined and accepted said settlement between the treasurer and collector. There are but two questions presented for our decision: First, was the payment of the school tax to the parish treasurer a valid payment, and did it discharge Delahoussaye ? Second, if not, can he recover the amount thus paid in error from the parish of St. Martin ?
First. As to the authority of the parish treasurer to receive the school-fund tax. By section two of act 122 of 1874 tax collectors are expressly prohibited from turning over school taxes collected to any police jury or parish treasurer, or to other person than the treasurer of school board. This was the law in force up to 1877, and is that by which the rights of these parties are to be tested. Subsequent legislation in 1877, making the parish treasurer ex-officio treasurer of the school board, can not retroact so as to legalize the payments made in 1875. The collector was bound to await the appointment of another school treasurer if there was none, or to compel the reception of the money by him if there was one. His refusal to receive the funds could not justify the defendant in paying to one not only not authorized but forbidden to receive. We hold, therefore, that payment to the parish treasurer did not discharge defendant, and that he must account to the school board, which has, we think, undoubted right to require it.
Second. The evidence satisfies us that the defendant in good faith paid over the fund to the parish treasurer, and that the police jury approved and accepted that settlement, and that the people of the par *1099 ish have profited by it. The money thus paid is either yet in the parish treasury, or it has been disbursed for the use of the parish. “He who receives what is not due to him, whether he receives it through error, or knowingly, obliges himself to restore it to him from whom he unduly received it.” O. 0. (old) 2279. Equity and good conscience forbid that the parish should thus enrich itself at the expense of defendant, who acted in this matter erroneously, but honestly. The parish should protect him, and promptly re-imburse to him or the school fund the amount thus unduly received.
It is therefore ordered, adjudged, and decreed that the judgment appealed from be avoided and reversed; and it is now decreed that the plaintiff do recover of the defendant, Onezephore Delahoussaye, the sum of $1971 46, with legal interest thereon from September 13, 1875, till paid, and costs; said sum to be paid to the treasurer of the school funds of the parish of St. Martin; and it is further decreed that the said defendant do have and recover from the parish of St. Martin the like sum ($1971 46), with like interest from same date, together with all costs of this suit.